UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLYA DEPAUW,                              Case No. 09-14543

      Plaintiff,                          Bernard A. Friedman
vs.                                         United States District Judge

LIQUIDATION PROPERTIES, INC.,               Michael Hluchaniuk
                                            United States Magistrate Judge
      Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 9, 10)**

**I.    PROCEDURAL HISTORY**

Plaintiff filed a quiet title complaint in state court on October 14, 2009. (Dkt. 1). Defendant timely removed this matter to federal court on the basis of diversity jurisdiction. (Dkt. 1). Defendant filed an answer to the complaint on November 23, 2009. (Dkt. 3). On March 30, 2010, plaintiff filed a motion for summary judgment. (Dkt. 9). Defendant filed a response on April 20, 2010. (Dkt. 12). On March 31, 2010, defendant filed a motion for summary judgment. (Dkt. 10). On April 22, 2010, plaintiff filed a response. (Dkt. 13). On May 5, 2010, defendant filed a reply. (Dkt. 14). On June 9, 2010, these motions were referred to the undersigned for report and recommendation by District Judge Bernard A. Friedman. (Dkt. 15). Pursuant to notice, the Court held a hearing on these motions

on July 21, 2010. (Dkt. 16). These matters are now ready for report and recommendation.

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED** and that defendant's motion for summary judgment be **GRANTED**.

## II.　FACTUAL BACKGROUND

### A.　Plaintiff's Complaint

According to plaintiff's complaint, she entered into a refinancing agreement with defendant's predecessor, Accredited Home Lenders, Inc. on December 12, 2006. The mortgage was recorded with the Oakland County Register of Deeds, listing Mortgage Electronic Registration Systems, Inc. (MERS) as the mortgagee. Plaintiff defaulted on her loan payments and MERS foreclosed the mortgage by advertisement at the Sheriff's sale on May 27, 2008. On May 1, 2009, the lender filed for bankruptcy. According to plaintiff, MERS never properly acquired the property via Sheriff's deed because MERS lacked standing to comply with the procedure under the Michigan Foreclosure by Advertisement statute, Mich. Comp. Laws § 600.3201. Plaintiff asserts in her complaint that MERS was the "purported mortgagee solely in its capacity as nominee for the lender." As such, plaintiff claims that MERS never acquired an interest in the indebtedness secured by the mortgage and therefore lacked standing to foreclose. Thus, plaintiff asserts that

title should be quieted in her name.

B. Companion Case

In 2008, plaintiff filed a related case against the lender, Accredited Home Lenders, and MERS. The following facts are taken from Judge Friedman's Opinion and Order dated September 24, 2009 in the companion case of *Depauw v. Accredited Home Lenders, Inc.*, Case No. 08-15255 (Dkt. 30, pp. 3-5):

> On December 12, 2006, Plaintiff obtained a $254,250.00 adjustable rate mortgage loan from Accredited Home Lenders, Inc. doing business as Home Funds Direct. Dft. Exh. A, Adjustable Rate Note ("Note"). Under the terms of the Note, the interest rate was fixed for the first three years, and was scheduled to adjust for the first time on January 1, 2010. In order to secure the adjustable rate loan, Plaintiff granted a mortgage on the residential property located at 1830 East Long Lake Road, Troy, Michigan. Dft. Exh. B, Mortgage.
>
> The Note and Mortgage identify the lender as Home Funds Direct. Dft. Exh. A, B. The Mortgage identifies MERS as the mortgagee, and specifies that MERS is acting solely as nominee for Home Funds Direct and its successors and assigns. Dft. Exh. B.
>
> MERS is a wholly-owned subsidiary of MERSCORP, Inc., which owns and operates the MERS System, a national electronic registry for tracking servicing rights and beneficial ownership interests in mortgage loans. Dft. Exh. C. MERS members, which include originators, servicers, warehouse lenders, wholesale lenders, retail lenders, document custodians, settlement agents, title companies, insurers, investors, country recorders and consumers, registers mortgages on the MERS System. MERS and MERSCORP, Inc. are corporations that are separate from MERS members. MERS is not a mortgage broker, lender or servicer.
>
> MERS serves as the mortgagee of record on Plaintiff's mortgage and, as a mortgagee, MERS exercises the same general

rights and powers as any mortgagee, such as the right to assign its lien interests and release its lien interests in county land records. MERS role as a nominee or agent relates to its private contractual duties to the lender and the lender's successors and assigns governing the manner in which MERS takes action as a mortgagee. MERS, as a mortgagee, may assign interests held in its name or discharge those interests. Dft. Exh. C.

Defendant explains in its motion that when MERS is named as the mortgagee on a mortgage for a lender, MERS acts in a limited agency capacity on behalf of the lender and its successors and assigns, eliminating the need to record subsequent assignments of the mortgage. MERS remains the mortgagee no matter how many times the beneficial ownership interests or servicing rights are bought and sold. Loans are not actually assigned through the MERS System; the system serves only to track the changes of the servicing and ownership rights. Dft. Exh. C.

MERS does not engage in the origination of mortgage loans, and did not have any knowledge of Plaintiff's loan until after it was registered on the MERS System, which would have been after the loan closed. Accordingly, MERS did not have any contact with Plaintiff regarding Plaintiff's loan application, did not originate Plaintiff's loan, and is not a party to the Note. Home Funds Direct, the party since dismissed from this matter, originated the loan and is the lender on the Note. Plaintiff has not alleged that MERS was involved in the origination of her loan, and has not set forth any facts showing that MERS knew about any representations made during the origination of her loan.

Plaintiff defaulted on her mortgage loan and the lender or servicer initiated foreclosure on the Mortgage. At the time of her default, Plaintiff's mortgage loan was still set at the original fixed rate. The foreclosure sale occurred on May 27, 2008 and the redemption period expired on or about November 27, 2008. MERS is identified as the grantee on the May 27, 2008 sheriffs deed. Def. Exh. D. As grantee, MERS acted solely as the nominee for Home Funds Direct and its successors and assigns. Although MERS holds legal title to the property, it can act only on the direction of its principal, the

lender.

Judge Friedman granted summary judgment to the defendant, finding that plaintiff did not contest summary judgment on the eight stated claims set forth in her complaint. However, because plaintiff did not allege in her complaint that MERS lacked standing, Judge Friedman did not decide, as a matter of law, whether MERS had standing to foreclose on the mortgage, and declined to permit plaintiff to amend her complaint. *Id*. at 7.

Plaintiff does not appear to dispute any of the foregoing facts, although plaintiff complains about certain actions taken by MERS, apparently in violation of a stipulation entered into by the parties in the companion case. According to plaintiff, on July 25, 2009, plaintiff and MERS (a defendant in Case No. 08-15255) entered into a stipulation to amend the scheduling order in that case. The stipulation provided in relevant part that "MERS agrees that until further order of this Court or until this case terminates, it will not initiate or proceed with any eviction activities against plaintiff." The order was entered by the Court on June 26, 2009. On August 6, 2009, plaintiff received a summons and complaint for termination of her tenancy at 1830 E. Long Lake Road. The summons and complaint were accompanied by a quit-claim deed from MERS to Liquidation Properties. The quit-claim deed had been recorded with the Oakland County Register of Deeds office on January 21, 2009, but, according to plaintiff, the deed

was never disclosed by MERS during the pendency of the earlier case. (Dkt. 9, pp. 4-5). It is not clear whether plaintiff brought this issue to the attention of Judge Friedman during the pendency of that case, but it is clear that plaintiff did not move for reconsideration or other relief from judgment based on this information. *See* Civil Docket for Case No. 08-15255.

## III. ANALYSIS AND CONCLUSIONS

### A. Standard of Review

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Kocak v. Comty. Health Partners of Ohio, Inc.*, 400 F.3d 466, 468 (6th Cir. 2005); *Thomas v. City of Chattanooga*, 398 F.3d 426, 429 (6th Cir. 2005). The standard for determining whether summary judgment is appropriate is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *State Farm Fire & Cas. Co. v. McGowan*, 421 F.3d 433, 436 (6th Cir. 2005), quoting, *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986); *see also Tucker v. Union of Needletrades Indus. & Textile Employees*, 407 F.3d 784, 787 (6th Cir. 2005). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus.*

*Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Twin City Fire Ins. Co. v. Adkins*, 400 F.3d 293, 296 (6th Cir. 2005).

B. <u>MERS had the Right to Initiate Foreclosure Proceedings Under Michigan Law</u>

Plaintiff asserts that MERS was not authorized, under Mich. Comp. Laws § 600.3204(1)(d) to foreclose on the mortgage. The statute requires the party foreclosing to be one of the following: (1) the owner of the indebtedness; (2) the owner of an interest in the indebtedness secured by the mortgage; or (3) the servicing agent of the mortgage. Mich. Comp. Laws § 600.3204(1)(d). Plaintiff acknowledges that MERS was the mortgagee in its capacity as nominee for the lender, Home Funds Direct. Plaintiff argues, however that although MERS was the mortgagee, MERS was not the owner of the indebtedness, never had any interest in the indebtedness that was secured by the mortgage and was not the servicing agent of the mortgage. Plaintiff relies on a recent decision from a Michigan State District Court, which held in a similar case that the underlying foreclosure was void because MERS did not own or have an interest in the indebtedness secured by the mortgage. (Dkt. 9, Ex. C).

Defendant argues that MERS, as mortgagee and nominee of the lender is authorized to foreclose pursuant to statute. (Dkt. 10). Defendant relies on a 2002 Michigan Attorney General Opinion, 2002 Mich. AG. LEXIS 19, concluding as

such. In addition, defendants rely on *Davenport v. HSBC Bank USA*, 275 Mich.App. 344; 739 N.W.2d 38 (2007), *Arnold v. DMR Financial Services, Inc.*, 448 Mich. 671; 532 N.W.2d 852 (1995), and Mich. Comp. Laws § 600.3204(1)(d) for the proposition that the last mortgagee of record (here, MERS) has the right to foreclose. Defendants argue that the law of agency is well-established in Michigan and there is nothing to suggest that a party cannot contract with another party to act on its behalf in the circumstances before the Court, which is precisely what MERS (the nominee/agent) and the lender/principal did.

Several Michigan federal district court cases have examined the authority of MERS as nominee of the lender to foreclose under Mich. Comp. Laws § 600.3204 in circumstances very similar to those presented here and found that such authority is proper. As noted in one such case, under Michigan law, a foreclosure should not be set aside without very good reason:

> Michigan courts have long held that statutory foreclosures should not be set aside without very good reason and, thus, have placed the burden of proof upon the party who attempts to impeach them. *Markoff v. Tournier*, 229 Mich. 571, 575, 201 N.W. 888, 889 (1925). The Michigan Supreme Court has held that it would require a strong case of fraud or irregularity, or some peculiar exigency, to warrant setting a foreclosure sale aside. *Detroit Trust Co. v. Agozzinio*, 280 Mich. 402, 405-06, 273 N.W. 747, 748 (1937); *Calaveras Timber Co. v. Michigan Trust Co.*, 278 Mich. 445, 450, 270 N.W. 743, 745 (1936). Here, the issues raised by defendants with regard to Trustcorp's foreclosure sale do

> not rise to the level of fraud, irregularity, or exigency to warrant setting aside the sale.

*Corgan v. Deutsche Bank Nat'l Trust Co.*, 2010 WL2854421, *3 (W.D. Mich. 2010), quoting, *United States v. Garno*, 974 F.Supp. 628, 633 (E.D. Mich. 1997). In *Corgon*, the Court concluded that MERS maintained the power to initiate foreclosure proceedings on the defaulted mortgage as expressly set forth in the original mortgage and plaintiff had not shown that the foreclosure proceedings were improper in any way. *Id*. at *4. Judges in this District have reached the same conclusion, as noted in *Corgan*. *See Hilmon v. MERS*, 2007 WL 1218718 (E.D. Mich. 2007) (*J. Duggan*) (The plaintiff, having expressly given to MERS the right to foreclose as nominee for the lender, cannot now contend that MERS did not have the right to institute foreclosure proceedings.); *English v. Flagstar Bank*, 2009 WL 3429674 (E.D. Mich. 2009) (*J. Cohn*) (In light of the express provision in the mortgage giving MERS the authority to foreclose as nominee for the lender, the plaintiff cannot claim that MERS lacked authority.).

Plaintiff granted MERS the same authority in this case, according to the document submitted by the parties and as found by Judge Friedman in the companion case. Plaintiff offers no evidence or basis for this Court to reach a conclusion any different than those reached in *English*, *Hilmon*, and *Corgan*. MERS, as the nominee of the lender and mortgagee was a proper party to initiate

foreclosure proceedings. Thus, the undersigned concludes that summary judgment in defendant's favor is appropriate.

## IV. RECOMMENDATION

Based on the foregoing, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED** and defendant's motion for summary judgment be **GRANTED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: September 27, 2010

s/Michael Hluchaniuk
Michael Hluchaniuk
United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on September 27, 2010, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to the following: Paul J. Raine and Charles Milne.

s/Tammy Hallwood
Case Manager
(810) 341-7887
tammy_hallwood@mied.uscourts.gov