UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARLYA DEPAUW,

       Plaintiff,                                  Case No. 09-14543
                                                  HON. BERNARD A. FRIEDMAN

vs.

                                                    MAGISTRATE JUDGE
LIQUIDATION PROPERTIES, INC.,          MICHAEL HLUCHANIUK

       Defendant.
_____/

**MEMORANDUM OPINION AND ORDER**

       This matter is before the Court on Magistrate Judge Michael Hluchaniuk's Report and Recommendation ("R and R") dated September 27, 2010, recommending that the Court grant Defendant's Motion for summary judgment and deny Plaintiff's Motion for Summary Judgment. As Plaintiff's counsel passed away during the time normally allotted for the filing of objections, the parties stipulated to an extension of the objection period in this matter so that Plaintiff could obtain new counsel. Plaintiff filed an objection and Defendant filed a response to the objection.

       This Court has had an opportunity to fully review this matter and hereby adopts and incorporates Magistrate Judge Hluchaniuk's procedural history and factual background into this Opinion, as contained in pages 1 through 6 in the R and R. Further, the Court has fully reviewed the parties' filings, and believes that the Magistrate Judge has reached the correct conclusions for the proper reasons.

       Plaintiff's complaint contends that MERS was not authorized, under Mich. Comp. Laws § 600.3204(1)(d) to foreclose on the subject mortgage. Defendant, in response, argues that

MERS, as mortgagee and nominee of the lender, is authorized to foreclose pursuant to statute. As the R and R explains, several Michigan federal district court cases have examined the authority of MERS as nominee of the lender to foreclose under Mich. Comp. Laws § 600.3204, and found that such authority is proper. Corgan v. Deutsche Bank Nat'l Trust Co., 2010 WL2854421 (W.D.Mich. 2010); English v. Flagstar Bank, 1009 WL 3429674 (E.D.MIch. 2009); Hilmon v. MERS, 2007 WL 1218718 (E.D.Mich. 2007); United States v. Garno, 974 F.Supp. 628, 633 (E.D.Mich. 1997).

Here, as in the above cases, where Plaintiff's mortgage with its underlying lender granted MERS the authority it now asserts, the Court may not reach a conclusion different than those reached in other similar cases. MERS, as the nominee of the lender and mortgagee was a proper party to initiate foreclosure proceedings, as it exercises the same general rights and powers as any mortgagee.

The Court notes that one of Plaintiff's objections to the R and R is that no discovery was conducted in this matter. Plaintiff's current counsel notes that Plaintiff's former counsel suffered from severe depression, and speculates that Plaintiff's former counsel's depression may have prevented him from conducting proper discovery in this matter. Plaintiff does not, however, suggest what sort of discovery may be warranted, and has not filed any motions requesting leave to conduct such discovery. While the Court is certainly sympathetic to the effects of severe depression, this case is not one in which discovery was necessary, as it revolves around a purely legal issue.

Accordingly,

IT IS ORDERED that Magistrate Judge Hluchaniuk's Report and Recommendation dated

September 27, 2010 is hereby ACCEPTED AND ADOPTED.

    IT IS FURTHER ORDERED that Plaintiff's Motion for Summary Judgment is DENIED.

    IT IS FURTHER ORDERED that Defendant's Motion for Summary Judgment is GRANTED.

    S/Bernard A. Friedman
    Bernard A. Friedman
    United States District Judge

Dated: February 14, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 14, 2011, by electronic and/or ordinary mail.

    S/Felicia Moses for Carol Mullins
    Case Manager